```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION



JAMES DOUGLAS SMITH              ]
     Plaintiff,                   ]
                                  ]     No. 3:14-cv-0758
v.                                ]     (No.3:14-mc-0184)
                                  ]     Judge Trauger
CORRECTIONS CORPORATION OF        ]
AMERICA, et al.                   ]
     Defendants.                  ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America and two members of the staff (Officers Bible and Dedrickson) at the Detention Facility, seeking damages.

On September 10, 2013, the plaintiff returned from a court date in Chattanooga. Because of a power outage, he had to wait 45 minutes before being admitted into the Detention Facility. As a consequence, the plaintiff did not receive lunch that day. The plaintiff believes that he suffered "cruel inhumane treatment" because he was subjected to "verbal abuse and loss of nutritional requirements."

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

In this case, the plaintiff missed one meal. He does not allege any health problems arising from the loss of that meal. Therefore, the failure to provide the plaintiff with lunch does not rise to the level of a constitutional deprivation.

The plaintiff also alleges that he was verbally abused for complaining about the lost meal. It is well settled, though, that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). Thus, the alleged slander of the plaintiff by the defendants fails to offend the Constitution.

In the absence of a constitutional deprivation, the plaintiff is unable to prove every element of his cause of action. He has failed, therefore, to state a claim upon which relief can be granted.

When a prisoner proceeding in forma pauperis has failed to

state a claim for relief, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge